UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DAVID HECHT,

                Plaintiff,

      -against-

ANTHONY LoGIUDICE, individually and in his
official capacity as Chief of the Fairview Fire
Department, MICHAEL COTTER, individually
and in his official capacity as Chairman of the Board
of Fire Commissioners of the Fairview Fire District,
VIKKI R. SIMMONS, individually and as a
Commissioner of the Fairview Fire District, JAMES
ROBINSON, individually and as a Commissioner
of the Fairview Fire District, DAYMON S.
YIZER, individually and as a Commissioner of the
Fairview Fire District, FRED CALAICONE,
individually and as a Commissioner of the Fairview
Fire District, and the FAIRVIEW FIRE DISTRICT,
New York,

                Defendants.
------------------------------------------------------------x

**13 CV 2647**

**JUDGE BRICCETTI**

13 CIV.  (  )

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff DAVID HECHT, by his attorney Jonathan Lovett, for his complaint respectfully states:

## NATURE OF THE ACTION

1. This is an action for compensatory and liquidated damages proximately resulting from Defendants' violations of Plaintiffs right to be free from age discrimination in employment as guaranteed him by the Age Discrimination in Employment Act, 29 U.S.C. §621 *et. seq* (hereinafter "ADEA") and New York State Executive Law §296 *et. seq* (hereinafter "HRL", New York State Human Rights Law).

1

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. Plaintiff's supplemental state law claim is interposed pursuant to 28 U.S.C. §1367.

3. With respect to Plaintiff's federal claim, on or about October 15, 2012, he duly filed a Charge of Discrimination (Charge No. 520-2013-00250) with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"). On or about February 28, 2013, he received a Notice of Right to Sue from the EEOC.

4. With respect to the supplemental New York State HRL claim Plaintiff on or about October 15, 2012, duly filed with the Defendant District a Notice of Claim pursuant to the New York State General Municipal Law. Thereafter a Notice of 50-h Hearing was issued by an attorney who was acting without authority from the Defendant District. A 50-h hearing was commenced upon that Notice however once it was established that the issuing attorney lacked authority to serve the Notice the hearing was aborted.

## THE PARTIES

5. Plaintiff DAVID HECHT is a citizen of the United States, a domiciliary of the State of New York and a resident of the Northern Counties.

6. Defendant ANTHONY LoGIUDICE (hereinafter "LoGiudice), who is sued in his individual and official capacities, is the Chief of the Fairview Fire Department (hereinafter "Department").

7. Defendant MICHAEL COTTER (hereinafter "Cotter"), who is sued in his individual and official capacities is the Chairman of the Board of Fire Commissioners of the Fairview Fire District (hereinafter alternatively the "Board").

8. Defendant VIKKI R. SIMMONS (hereinafter "Simmons"), who is sued in her individual and official capacities, is a Commissioner of the Fairview Fire District and as such is a member of the Board.

9. Defendant JAMES ROBINSON (hereinafter "Robinson", who is sued in his individual and official capacities, is a Commissioner of the Fairview Fire District and as such is a member of the Board.

10. Defendant DAYMON S. YIZER (hereinafter "Yizer") who is sued in his individual and official capacities, is a Commissioner of the Fairview Fire District and as such is a member of the Board.

11. Defendant FRED CALAICONE (hereinafter "Calaicone"), who is sued in his individual and official capacities, is a Commissioner of the Fairview Fire District and as such is a member of the Board.

12. Defendant FAIRVIEW FIRE DISTRICT (hereinafter "District") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The Board of Commissioners of the District is the appointing body under the New York State Civil Service Law and as such is empowered to appoint persons off of certified civil service eligible lists as paid firefighters. Regardless of the qualifications of an applicant for appointment as a paid firefighter the Board of Commissioners as a continuing past practice always defers to the recommendation of the Chief of the Department and appoints whomever the Chief

recommends. Those recommendations, insofar as they concerned Plaintiff, were all predicated upon age.

## THE MATERIAL FACTS

13. Plaintiff is forty-four years of age and hence within the class protected by the ADEA and the HRL. Defendants, at all times relevant to this complaint, were aware of Plaintiff's age and the disparity in age between Plaintiff and the individuals who were appointed to paid firefighter positions each time Plaintiff was skipped for such appointments. But for Plaintiff's age he would have been appointed by the Defendants as a paid firefighter.

14. Plaintiff is an experienced Volunteer Firefighter, in excellent physical condition, has successfully participated in firefighting training at the Westchester Fire Training Facility in Valhalla, New York, has outscored participants in that training who were half Plaintiff's age, has taken and passed the competitive civil service examination for the position of paid firefighter and scored within the top three candidates on the resulting certified eligible list, is appointable from that eligible list by reason of his high rank on it, and in all other respects is eminently qualified to be a paid firefighter.

15. Commencing in or about 2012 Plaintiff began applying to the District for appointment as a paid firefighter. Although he was significantly more qualified than any of the other candidates who applied for such appointment he was repeatedly skipped for promotion by reason of his age.

4

16. In that connection LoGiudice repeatedly admitted to both members of the Fairview Fire Department and officials of other Fire Departments that the District was skipping Plaintiff for appointment by reason of his age.

17. In that connection LoGiudice repeatedly proclaimed in words or substance with respect to the District's skipping of Plaintiff for appointment: "I am not wasting $7,000 to send a forty-four year old to the fire training academy when I can hire younger people and get twenty-five years of service out of them".

18. Most recently and in August of 2012 Plaintiff was skipped for appointment as a paid firefighter by the Defendants in favor of completely inexperienced nineteen year old with respect to whom Plaintiff was much more qualified by reason of his training, work as a Volunteer Firefighter, civil service examination score, and *inter alia* physical agility.

19. The nineteen year old referenced in the preceding paragraph "18" was appointed as a paid firefighter by Cotter, Simmons, Robinson, Yizer and Calaicone on the age predicated recommendation of LoGiudice. Each of the Defendants was aware of Plaintiff's age, the disparity in age between Plaintiff and the nineteen year old. Each of the Defendants was aware of Plaintiff's age and his superior qualifications at the time the nineteen year old was appointed.

20. LoGiudice recommended the hiring of the nineteen year old and Cotter, Simmons, Robinson, Yizer and/or Calaicone appointed him, in accordance with Defendants' age discriminatory practice/policy and skipped Plaintiff for appointment specifically by reason of Plaintiff's age.

21. But for Plaintiff's age he would have been recommended for appointment by LoGiudice and appointed as a paid firefighter by Cotter, Simmons, Robinson, Yizer and Calaicone. On each occasion when Plaintiff was skipped for appointment in favor of a younger candidate, Plaintiff was much better qualified for appointment than the younger candidates.

22. Not only has Plaintiff repeatedly been informed by officials and other witnesses with direct knowledge that he has been repeatedly skipped for appointment as a paid firefighter because "age is a factor" in the Defendants' determination as to who gets appointed or skipped, but he has also repeatedly been told by such officials/witnesses that LoGiudice has on multiple occasions publicly made the age-discriminatory admission on behalf of the District referenced *supra* in paragraph "17".

23. As a proximate result of Defendants' intentional age discriminatory conduct Plaintiff has been caused to suffer: economic damages, emotional upset, anxiety, humiliation, degradation, public embarrassment, adverse physical symptoms due to the aforementioned, stress, unlawful discrimination predicated exclusively on his age, denial of a paid firefighter position but for his age, denial of a career as a paid firefighter, and he has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM AGAINST THE FAIRVIEW FIRE DISTRICT

24. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "23", inclusive.

25. Under the premises the District violated Plaintiff's right to be free from age discrimination in the workplace as guaranteed him by the ADEA.

## AS AND FOR A SECOND CLAIM AGAINST
## ALL OF THE DEFENDANTS

26. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs"1" to "23", inclusive.

27. The District as employer and the individually named Defendants as aiders and abettors to the District, violated Plaintiff's right to be free from age discrimination in the workplace as guaranteed him by the HRL.

WHEREFORE a judgment is respectfully demanded: i) on the First Claim awarding against the District such compensatory damages as the jury may deem appropriate, along with liquidated damages, reasonable attorney's fees and costs; ii) on the Second Claim awarding such compensatory damages against all Defendants as the jury may deem appropriate along with costs; on the First and Second Claims awarding a mandatory injunction requiring Defendants to appoint Plaintiff as a paid firefighter with an award of back pay, benefits, and permanent tenured status; and granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
April 18, 2013

Jonathan Lovett
Attorney for Plaintiff
305 Old Tarrytown Road
White Plains, N.Y. 10603
914-686-4500
Fax: 914-686-4545
E-mail: jlovett@lovett-law.com